UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DUSTIN WILLIAM SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-203-ART |
| | ) | |
| v. | ) | |
| | ) | |
| HECTOR RIOS, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

On October 24, 2008, petitioner Dustin William Smith ("Smith") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, R. 2, and a motion to proceed *in forma pauperis*, R. 3. Smith has not paid the $5.00 filing fee.

This matter is before the Court for screening pursuant to 28 U.S.C. § 2243. At the screening phase, this Court has a duty to dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing *Higgins v. Steele*, 195 F.2d 366 (8th Cir. 1952); *Farley v. Skeen*, 113 F. Supp. 736 (N.D. W. Va. 1953)). As Smith is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (quoting *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001)). During screening, the allegations in the petition are taken as true and are liberally construed in favor of the *pro se* litigant. *Cf. Urbina*, 270 F.3d at 295 (holding that allegations must be taken as true and construed in favor

of petitioner in ruling on a motion to dismiss (citing *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983))). Even viewing the petitioner's allegations in this favorable light, however, the Court concludes that the petition is frivolous and obviously lacking in merit. Therefore, it must be dismissed.

**I.    FACTUAL BACKGROUND**

In his petition, Smith asserts that the Federal Bureau of Prisons ("BOP") violated his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States by placing him in a high-security prison, the United States Penitentiary-Big Sandy in Inez, Kentucky ("U.S.P. - Big Sandy"), instead of a low or medium security prison. R.2 at 5-6. In his request for relief, Smith seeks transfer to a medium security Federal Correctional Institution ("F.C.I."). *Id*. at 9. Smith further seeks to have his good conduct time restored which was taken by the BOP as a result of unspecified Incident Reports, which Smith alleges were the result of actions he would not have taken but for his placement in a high-security prison. *Id*. Smith acknowledges that he has not exhausted his administrative remedies, but asserts that his efforts would be futile in light of his approaching pre-release date in March 2009. R. 2 at 8.

On October 30, 2008, the Court denied Smith's motion to proceed *in forma pauperis*, and ordered him to pay the $5 filing fee within 30 days, R. 4. In addition, the Court cautioned Smith that if he failed to pay the $5.00 filing fee within 30 days his petition would be dismissed. *Id*. On November 12, 2008, Smith sent a letter to the Clerk of the Court verifying the Court's receipt of the $5 filing fee and to advise the Court that he had been transferred to F.C.I. - Beckley in Beaver, West Virginia. R. 5. The letter was received by the Court on November 17, 2008, and on that date, the Clerk of the Court advised Smith by a response letter that the Court had not

received payment of the filing fee. R. 5, Attach. 1. The Court has not received anything further from Smith.

## II. DISCUSSION

As a threshold matter, Smith's failure to pay the filing fee as required by the Court is a sufficient ground by itself to dismiss the petition for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997); *Gravitt v. Tyszkiewicz*, 2001 WL 856978, **1 (6th Cir. 2001) (applying *McGore* to habeas petitions). However, there are other grounds to support dismissal in this instance as well.

In his petition Smith acknowledges that he has failed to attempt, let alone complete, the process of exhausting his administrative remedies by filing an inmate grievance with the BOP. R. 2 at 8. Before a prisoner may seek habeas relief under Section 2241, he must exhaust his administrative remedies within the BOP. *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689 (E.D.Ky. 2004); *Wesley v. Lamanna*, 2001 WL 1450759 (6th Cir. 2001). Smith's petition does not allege that he initiated the grievance process. Rather, he indicates that he has made no effort at all to invoke that process because it will take too long. R. 2 at 8. The Court notes that the BOP's inmate grievance process includes a mechanism which permits inmates to request expedited review of grievances where circumstances require it. 28 C.F.R. § 542.18.

Smith asks to be excused under the "futility" exception to the exhaustion requirement in light of his rapidly-approaching pre-release date in March 2009.[1] The futility exception may apply in certain, narrowly-defined circumstances, such as a showing that the administrative

---

[1] The "Inmate Locator" function of the BOP's internet website indicates that Smith's pre-release date is May 30, 2009.

remedy is inadequate. *See Colton*, 299 F.Supp.2d at 689-90. However, Smith has failed to allege any facts sufficient to warrant its application here. The Court will not apply the futility exception in the absence of any evidence that Smith undertook good faith efforts to comply with the exhaustion requirement by diligently pursuing an inmate grievance.

With respect to Smith's challenge to the BOP's decision to place him in a high security facility, R. 2 at 5, the Court notes that his due process challenge would fail on the merits as a matter of law, as he lacks any due process liberty interest in his classification and placement. *See Olim v. Wakinekona*, 461 U.S. 238, 244-245 (1983) (citing *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (noting that the "conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons"). Further, his post-filing transfer to F.C.I. - Beckley, a medium security facility, renders his challenge moot. *See e.g.*, *Hawkins v. Lawrence*, 2003 WL 1919452 (10th Cir. 2003) (prisoner's habeas petition seeking placement in halfway house rendered moot by post-filing transfer to halfway house).

Smith's challenge to the loss of good conduct time under the Fourteenth Amendment is also without merit. The Supreme Court has stated that the revocation of good time does not "comport with the minimum requirements of procedural due process" unless the findings are supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institute, Walpole v. Hill*, 472 U.S. 445, 455 (1985). When facing a loss of good time credits, due process requires that the prisoner receive the following rights: (1) at least 24 hours written advance notice of a hearing, (2) a reasonable opportunity to present witnesses and documentary evidence in his defense, and (3) a reasonable explanation of the evidence and reasons relied upon to support a decision against him. *Lee v. Young*, 43 Fed.Appx. 788, 789 (6th Cir. 2002); *Wolff*

*v. McDonnell*, 418 U.S. 539, 563-67 (1974). Here, Smith does not challenge any procedural aspect of the disciplinary hearing, and admits that he committed the conduct which gave rise to the offense. R. 2 at 5-6. Rather, Smith asks for his good conduct time to be "reinstated," because his actions were necessitated by the prison environment. R. 2 at 9. While the DHO may consider such an argument in determining Smith's guilt of the infraction or in assessing a penalty, nothing in the Constitution required him to do so or provides an excuse for a violation of prison rules. Therefore, the respondent did not violate Smith's due process rights and Smith's challenge fails as a matter of law.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. Smith's *pro se* § 2241 Petition, R. 2, is **DENIED**.

2. This action is **DISMISSED**, *sua sponte*, from the Court's docket. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 20th day of January, 2009.



Signed By:
*Amul R. Thapar*
United States District Judge